# IN THE
# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **TIMOTHY A. RANKIN,** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 2:19-cv-2836-JTF-tmp |
| | ) |
| **FEDERAL EXPRESS,** | ) |
| **CORPORATION,** | ) |
| | ) |
|     Defendant. | ) |

## ORDER TAXING COSTS

### PROCEDURAL HISTORY

The record indicates that on March 10, 2022, Judgment was entered in favor of Defendant, Federal Express Corporation. On March 17, 2022, Defendant timely filed its Bill of Costs which included documentation for the requested costs, seeking reimbursement for expenses in the total amount of $3,042.85. A telephonic cost assessment hearing was held, as scheduled, on April 21, 2022, during which counsel for both parties appeared.

### STANDARD OF REVIEW

Fed. R. Civ. P. 54(d) creates a rebuttable presumption that the cost of litigation will be awarded to the prevailing party unless the Court finds otherwise, and 28 U.S.C. § 1920 sets forth the scope of costs that are properly recoverable. Costs will be awarded to the prevailing party unless the non-prevailing party presents factors that are sufficient to override or mitigate the award of costs.

The evaluation of the appropriate taxation of costs is more than the mechanical application of the above standards and ought to address the following basic issues: (a) Whether the party submitting the Bill of Costs was the prevailing party in the case; (b) Whether the costs claimed by the prevailing party are proper under 28 U.S.C. § 1920; (c) Whether these costs are reasonable in amount and actually incurred in prosecuting or defending the related action; (d) Whether the claimed costs were adequately documented; and (e) Whether there are factors that otherwise overcome the presumption to award costs to the prevailing party.

As to the possible factors presented in subsection (e) above, to overcome the presumption of awarding costs to the prevailing party the following may be considered: (1) Whether the losing party prosecuted his/her case in good faith and with propriety; (2) Whether the case itself was close and difficult; (3) Whether the prevailing party unnecessarily prolonged trial or injected unmeritorious issues; (4) Whether the taxable costs incurred by the prevailing party were excessive; (5) Whether the prevailing party's recovery is so minimal or insignificant that the judgment amounts to a victory to the other party; and (6) Whether the losing party is indigent.

Factors often presented but which will not be given much, if any, weight include the following: (a) That the losing party's case raised important public policy issues and there would be a chilling effect on future issues being raised if costs were imposed; (b) That because the losing party prosecuted or defended their side of the matter in good faith they ought to be excused from paying costs; (c) That the losing party's financial status should exempt them from paying costs because they are disproportionately less wealthy than the prevailing party; and (d) That costs should not be awarded to the prevailing party because they only prevailed on a portion of their claims or because the nature of their relief was non-monetary, such as the issuance of an injunction.

These arguments will not significantly influence the awarding of costs, though they later might reflect issues related to the likelihood of post-judgment collection.

## ANALYSIS

Defendant is the prevailing party in this case, having obtained judgment against Plaintiff, Timothy A. Rankin, on March 10, 2022. Defendant filed its Bill of Costs on March 17, 2022, seeking reimbursement of $3,042.85 in costs for fees for printed or electronically recorded transcripts necessarily obtained for use in the case in accordance with 28 U.S.C. §1920(1).

Despite having filed no response to Defendant's motion, as required by Local Rule 7.2, at the cost taxation hearing Plaintiff objected to Defendant's cost bill on the basis that Plaintiff's case was brought in good faith, was not frivolous and that Plaintiff would suffer financial hardship in the event costs were awarded to Defendant.

As to Plaintiff's first argument, that Defendant should be denied costs because Plaintiff's suit was brought in good faith, the Clerk, while taking no position as to whether Plaintiff's case was in fact brought in good faith, notes that "[g]ood faith without more . . . is an insufficient basis for denying costs to a prevailing party." *White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728, 731 (6th Cir. 1986). Accordingly, Plaintiff's assertion that he acted in good faith in bringing this cause of action, without more, is not enough to overcome the presumption in favor of awarding costs to Defendant.

Plaintiff next argues that the instant cause of action was not frivolous and, as such, costs should not be awarded to Defendant. In this argument, Plaintiff may be confusing the standard for an award of attorney's fees under Rule 54(d)(2) of the Federal Rules of Civil Procedure and an award of costs *"other than attorney's fees"* under Rule 54(d)(1) of the Federal Rules of Civil Procedure. While an award of attorney's fees may very well require a showing of frivolity,

3

unreasonableness, or lack of foundation, an award of those costs outlined in 28 U.S.C. §1920 requires no such showing.  Accordingly, Plaintiff's objection is rejected.

Plaintiff finally argues that an award of costs in favor of Defendant would create a financial hardship and that, as a result, the Clerk should exercise his discretion and deny costs.  To overcome the presumption in favor of awarding costs to the prevailing party on the basis of the losing party's financial condition, it is the losing party's burden to demonstrate that an award of costs would be an extreme financial hardship and that he would be "incapable of paying the court-imposed costs at this time or in the future."  *Tuggles v. Leroy-Somer, Inc.*, 328 F.Supp.2d 840, 845 (W.D. Tenn. 2004) (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)).  Plaintiff's bare assertion that an award of costs would create a financial hardship, without submission of any financial records or other proof of financial condition, does not satisfy this burden.  Accordingly, Plaintiff's request that costs be denied Defendant on the basis of financial hardship is denied.

Plaintiff raising no additional objections to Defendant's cost bill, the Clerk finds that the nature of the costs submitted by Defendant are those contemplated under 28 U.S.C. §1920 and that these costs were adequately documented to show that they were reasonable in scope and expense, were actually incurred in this case, were necessary to properly defend Defendant in this action, and were not incurred solely for convenience.  For these reasons, the Clerk awards costs in favor of Defendant in the amount of $3,042.85.

## **DECISION**

It is the Order of the Clerk of Court that costs be awarded against Plaintiff, Timothy A. Rankin, and in favor of Defendant, Federal Express Corporation, in the amount of $3,042.85.

## NOTICE OF RIGHT TO HAVE DECISION REVIEWED

Pursuant to Fed. R. Civ. P. Rule 54(d), the taxation of costs by the Clerk of Court may be reviewed by the Court upon motion to the Court served within 5 days of the docketing of this Order.

**Dated:  April 28, 2022**

**s/ Thomas M. Gould**
**Thomas M. Gould, Clerk of Court**
